UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| LINDA MAZE, | § | |
| | § | |
| | § | |
| | § | |
| Plaintiffs, | § | |
| v. | § | CIVIL ACTION NO. H-08-cv-01780 |
| | § | |
| NORTH FOREST INDEPENDENT | § | |
| SCHOOL DISTRICT, et al., | § | |
| | § | |
| | § | |
| Defendants. | § | |

MEMORANDUM AND ORDER

Before the Court is Plaintiff's Motion for Partial Summary Judgment. (Doc. No. 28.) After considering the parties' filings, all responses and replies thereto, and the applicable law, the Court finds that Plaintiff's Motion should be denied.

I.    BACKGROUND

This case arises out of Plaintiff Linda Maze's termination from North Forest Independent School District. Maze holds Texas certifications for English as a Second Language, Principal, Superintendent, and Master Reading Teacher, as well as a Masters Degree in Administration. (Doc. No. 28, Ex. A ¶¶ 4-6.)[1] Plaintiff initially joined North Forest Independent School District ("NFISD") in August 2002 as an Assistant Principal. (*Id.* at ¶ 8.) In 2006, NFISD offered Plaintiff the position of Bilingual/English as a Second Language ("ESL")/Gifted and Talented ("GT") coordinator. (*Id.* at ¶ 10.) Plaintiff was the only Bilingual/ESL/GT coordinator for NFISD. (*Id.* at ¶ 11.)

---

[1] For the purposes of this Motion only, the Court construes any disputed facts in favor of Defendant.

Plaintiff had a term contract for employment. (*Id.* at ¶ 12, Ex. 2.) For the 2007 to 2008 school year, NFISD did not extend a written contract to Plaintiff, and it did not provide a reason for its failure to renew her contract. (*Id.* at ¶¶ 14-15.) As a result, in the 2007 to 2008 school year, Plaintiff had a continuing contract to work for NFISD in the same capacity and at the same rate of pay, $58,000 per year, as she had at the conclusion of the 2006 to 2007 school year. (*Id.* at ¶ 16; TEX. EDUC. CODE. ANN. § 21.206(b)) On March 6, 2008, William Jones, the interim Superintendent of NFISD informed Plaintiff that, due to NFISD's financial exigency, as of March 24, 2007, she would be terminated from NFISD. (*Id.* at ¶ 18, Ex. 19.) Plaintiff was told that she would receive special consideration for future district employment. (*Id.*)

Plaintiff appealed her termination, and on May 5-6, 2008, a hearing took place before an independent hearing examiner. (*Id.* at ¶¶ 20-21.) The hearing examiner, Sherry Wetsch, found that Plaintiff had been wrongfully terminated and that she should be reinstated with back pay ("the Recommendation"). (Doc. No. 37, Ex. B.) On May 19, the NFISD Board of Trustees ("the Board") placed on its meeting agenda consideration of the Recommendation. (Doc. No. 37, Ex. A ¶ 22, Ex. 23.) Specifically, under "Pending/Possible Litigation" the agenda listed "Discuss Linda Maze." (*Id.*) Plaintiff was present for the meeting. (*Id.*) The Board adjourned the May 19 meeting without taking any action on the hearing examiner's recommendations other than to announce that it was tabling its action. (*Id.* at ¶ 24.) Plaintiff did not receive the Board's decision as to her termination within ten days after the May 19, 2008 meeting, as required. (*Id.* at ¶ 25.)

2

On June 5, 2008, Plaintiff filed an appeal with the Texas Education Agency. (*Id.* at 26.) Texas Education Commissioner Scott responded on July 29, 2008 with a written decision holding that, because NFISD had not yet acted on the Recommendation, "[Plaintiff's] employment has not been affected and she remains an employee of the district." (*Id.* at 27.) As a result, Plaintiff attempted to report to work at NFISD for the 2008 to 2009 school year. NFISD has not instructed Plaintiff as to when or where to report to work, and it has not reinstated Plaintiff or reimbursed her for any of the 2007 to 2008 or 2008 to 2009 school year. (*Id.* at ¶¶30, 32, 33.) NFISD has not given Plaintiff reasons, in writing or otherwise, for any revisions it wished to make to the Recommendation. (*Id.* at ¶ 34.) Plaintiff has attempted to find work, but is unable to accept a position with another school district because she is still considered to be under contract with NFISD for the 2008 to 2009 school year. (*Id.* at 35.) In fact, Plaintiff had a potential contract with Spring Independent School District and worked there for about three weeks in August 2008, but she was forced to leave the position when Spring ISD told her it could not offer her a contract because she has a contract in place with NFISD. (*Id.* at 36.) Plaintiff has also lost her retirement benefits for the 2007 to 2008 and 2008 to 2009 school years, as well as medical insurance. (*Id.* at ¶¶ 40, 51.)

Plaintiff filed suit against NFISD as well as individual members of the Board, alleging that NFISD had violated 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.*, the False Claims Act, 31 U.S.C. § 3730(h), and the Texas Labor Code, § 21.051. Additionally, Plaintiff alleges state law claims of hostile work environment and retaliatory discharge. Plaintiff now moves for partial summary judgment against NFISD, asking the Court to find that NFISD breached Plaintiff's

employment contract.[2] The Court has jurisdiction pursuant to 28 U.S.C. § 1331 as well as supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367.

## II. ANALYSIS

### A. Summary Judgment Standard

A motion for summary judgment under Federal Rule of Civil Procedure 56 requires the Court to determine whether the moving party is entitled to judgment as a matter of law based on the evidence thus far presented. FED. R. CIV. P. 56(c). Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." *Kee v. City of Rowlett*, 247 F.3d 206, 210 (5th Cir. 2001) (quotations omitted). A genuine issue of material fact exists if a reasonable jury could enter a verdict for the non-moving party. *Crawford v. Formosa Plastics Corp.*, 234 F.3d 899, 902 (5th Cir. 2000). The Court views all evidence in the light most favorable to the non-moving party and draws all reasonable inferences in that party's favor. *Id.*

### B. Plaintiff's Continuing Contract of Employment

Under Texas law, before a teacher under continuing contract can be terminated, the school board must notify her, in writing, of the proposed discharge and its grounds. TEX. EDUC. CODE. ANN. § 21.158 (Vernon 1996).[3] The teacher may elect a protest hearing before an independent hearing examiner. *Id.* at §§ 21.159(a)-(b), 21.251-.253.

---

[2] Plaintiff asserts her breach of contract claim solely against Defendant NFISD, not the individual Defendants. The individual Defendants therefore chose not to file a substantive response to Plaintiff's Motion. (Doc. No. 31.)

[3] The Parties do not dispute that Plaintiff had a continuing contract with NFISD before March 2008.

4

The hearing is evidentiary and resembles a trial to the court. *Id.* at § 21.255-.256(c),(e). The examiner then issues a written recommendation that contains fact findings and legal conclusions and that may include a proposal for granting relief. *Id.* at § 21.257(a). The hearing examiner is required to send a copy of her recommendation to each party, the president of the school board, and the commissioner. *Id.* at 21.257(d).

The school board then considers the examiner's recommendation. *Id.* at 21.258(a)-(b). Importantly, the board must consider the examiner's report at the first board meeting for which notice can be posted in compliance with the Texas Open Meetings Act, following the issuance of the report. *Id.* at 21.258(a). The meeting must be held no later than the 20th day after the date that the president of the board receives the hearing examiner's recommendation and the record of the hearing. *Id.*

Within ten days of the meeting, the board must render a decision that includes fact findings and legal conclusions and that may include a grant of relief. *Id.* at § 21.259(a). The board may adopt, reject, or change the hearing examiner's legal conclusions or relief proposal, the only requirement being that it must give a written reason and legal basis for each modification. *Id.* at § 21.259(b),(d.). In contrast, the board may reject or change the examiner's fact findings only if they are not supported by substantial evidence. *Id.* at § 21.259(c). As with legal conclusions, the board must give a written reason and legal basis for each fact finding that is changed or rejected. *Id.* at § 21.259(d). The board's decision may be appealed to the Commissioner. *Id.* at § 21.301(c).

Plaintiff contends that, because the Board failed to act on the hearing examiner's recommendations, and because the Commissioner held that she was still employed by NFISD, the Board has breached her employment contract by failing to pay her for the

5

latter part of the 2007 to 2008 school year and for the entire 2008 to 2009 school year. NFISD responds that the Board President, Tobie B. Ross, Jr., had not received the Recommendation, findings of fact, or the record of Plaintiff's administrative hearing at the time of the May 19, 2008 meeting. (Doc. No. 38, Ex. 2.) As a result, NFISD claims that the Board did not consider the hearing examiner's recommendations until the July 14, 2008 meeting. (*Id.* at Ex. 1.) The Board rejected the Recommendation that Plaintiff should be reinstated with back pay. (*Id.* at Ex. 3.) Defendant argues that, since Plaintiff did not appeal the July 14 decision to the Commissioner, the Court should dismiss Plaintiff's breach of contract claim for failure to exhaust administrative remedies. *See Gutierrez v. Laredo Indep. Sch. Dist.*, 139 S.W.3d 363, 366-367 (Tex. App.—San Antonio 2004, no pet.). NFISD also argues that, even if the July 14 decision on Plaintiff's case was untimely, the result should not be that the Plaintiff is automatically reinstated. Rather, NFISD argues that Plaintiff should raise the issue of the decision's timeliness in her appeal to the Commissioner.

Plaintiff replies that Defendant is barred by res judicata because Commissioner Scott's decision bars further litigation. In response to NFISD's argument that President Ross did not receive the hearing examiner's recommendations before the May 19 meeting, Plaintiff argues that Wetsch wrote to Yvonne Taylor, NFISD's counsel, on May 8, 2008, stating that "a copy of the Recommendation is being faxed to the attorneys of record." Plaintiff asserts that Taylor's receipt of the Recommendation was constructive receipt by the Board. Plaintiff also argues that William Jones, NFISD's acting superintendent, received the recommendation either actually or constructively through Taylor before the May 19, 2008 meeting. Further, Plaintiff argues that NFISD should be

6

estopped from denying that Ross received the Recommendation before the May 19 meeting. Finally, Plaintiff argues that the Board did not announce its decision in writing, including findings of fact and conclusions of law, as required by the statute. TEX. EDUC. CODE. ANN. § 21.259(d). Plaintiff concludes by arguing that Texas law warrants nullification of the Board's late decision. *Goodie v. Houston Indp. Sch. Dist.*, 57 S.W.3d 646, 651 (Tex. App.—Houston [14th Dist.] 2001, pet. denied).

### 1. Ross's Receipt of the Report

As evidence that Ross did not receive the report before the May 19 meeting, Defendant offers Ross's Affidavit. Plaintiff points out that Ross does not indicate when he received the Recommendation. Plaintiff then avers that she received the hearing examiner's report, through counsel, on May 8, 2009. (Doc. No. 43, Ex. A ¶ 4.) Additionally, Plaintiff presents an email exchange between her counsel and Taylor. In response to Plaintiff's counsel's inquiry as to "presentment of the Order to the Board and their vote," Taylor responds that "[i]t will be on Mon. night's agenda." (*Id.* at Ex. A-1.) The email exchange is dated May 12, 2008. (*Id.*) Plaintiff also attaches NFISD's brief to the Commissioner, in which it states that "this matter is set for consideration on the Board of Trustees called board meeting to be held July 14, 2008." (*Id.* at Ex. A-2 ¶ 10.)

Plaintiff also refers the Court to the May 8, 2008 letter from Wetsch to Isabel Lozoira of the Texas Education Agency. (Doc. No. 28, Ex. B.) At the bottom of the letter, Wetsch indicates that she has "CFed" Attorney Maze and Yvonne Taylor. The text of the letter states:

> Enclosed please find a copy of the RECOMMENDATION for this matter. A copy of the Recommendation is being faxed to the attorneys of record. I will also email the Recommendation to you.

\*\*\*\*\*\*\*

> Also, by copy of this letter to Ms. Taylor, please note that I am forwarding to you as the NFISD representative, the official transcript and exhibits from May 5th .... I have spoken with [Continental court Reporters], they will send the official transcript and exhibits from day two of the hearing directly to you.

Plaintiff contends that this letter proves that NFISD received the Recommendation, through its agent, prior to the May 19 meeting.

Viewing the evidence in the light most favorable to NFISD, however, it is possible that Taylor did not receive the fax from Wetsch and was therefore unable to convey the report to President Ross. It is also possible that the Court reporter did not submit the transcript of the administrative hearing to NFISD before the meeting. Additionally, Taylor's email to Plaintiff's counsel on May 12 indicates only that Plaintiff's termination was on the agenda for the May 19 meeting; it does not confirm that Taylor had actually received the Recommendation and the hearing record in its entirety. Given that Ross has presented a sworn affidavit in which he states that he had not received the Recommendation before the May 19 meeting, and that Plaintiff has presented no conclusive evidence that any other agent of the Board received the Recommendation before the meeting, the Court believes this material fact is in dispute and can be resolved only by live testimony from the relevant actors.[4]

### 2. Estoppel

Plaintiff argues that NFISD is estopped from denying that Ross received the Recommendation. To establish equitable estoppel, the plaintiff must prove (1) a false representation or concealment of material facts, (2) made with knowledge, actual or

---

[4] Plaintiff asks in its Reply that, if the Court denies summary judgment, it disqualify Taylor as counsel. NFISD did not respond. The Court will not disqualify Taylor at this time but will allow additional briefing on this issue.

8

constructive, of those facts, (3) with the intention that it should be acted on, (4) to a party without knowledge, or the means of knowledge of those facts, (5) who detrimentally relied upon the misrepresentation. *Schroeder v. Texas Iron Works, Inc.*, 813 S.W.2d 483, 489 (Tex. 1991). Estoppel may apply to "municipalities and similar local units of government" when justice requires its application, and there is no interference with the exercise of governmental functions. *Hudspeth v. Chapel Hill I.S.D.*, 2007 WL 1647818, at *4 (Tex. App.—Austin 2007, no pet.) (citing *Bowman v. Lumberton Indp. Sch. Dist.*, 801 S.W.2d 883, 888 (Tex. 1990)). Estoppel may also apply when a school board's agent acts within the scope of his apparent authority, unless the acts were unauthorized. *Id.* Finally, estoppel may apply against a subdivision of a government where the governing body is a board or commission if the evidence clearly indicates that the subordinate officer's act was done with the knowledge of the governing body and was so closely related to the expressed will of the governing body that the officer's act constitutes an act of the board itself. *Id.*

Plaintiff contends that NFISD is estopped from arguing that Ross did not receive the Recommendation before the May 19 meeting because Taylor never informed Plaintiff or the Texas Education Commission that Ross had not received the Recommendation, and because NFISD did not argue in its briefing to the Commissioner that Plaintiff had failed to exhaust her administrative remedies. The Court does not find this argument persuasive. Plaintiff has failed to identify a misrepresentation that Plaintiff relied on to her detriment. While Taylor did tell Plaintiff's counsel that the Recommendation would be presented to the Board on the May 19 meeting, Plaintiff and her counsel both admit that they attended that meeting, and that they were informed by Ross that discussion of

Plaintiff's termination had been "tabled." It is possible that the issue was tabled because Ross had yet to receive the Recommendation. Since Plaintiff knew that the Board had not resolved the issue at the May 19 meeting, she could have waited until subsequent meetings, and the Board's resolution of the issue, to file her appeal with the Commissioner.

### C. Res Judicata

Plaintiff argues both in her Motion for Partial Summary Judgment and in her Response to Defendants' Motion for Extension of Time (Doc. No. 39) that Commissioner Scott's decision is res judicata on the issue of whether NFISD breached Plaintiff's contract. In support of her argument, Plaintiff cites *Muckelroy v. Richardson Independent School District*, which held that "[c]ollateral estoppel applies to administrative agency orders when the agency is acting in a judicial capacity and resolves disputed issues of fact properly before it which the parties have had an adequate opportunity to litigate." 884 S.W.2d 825, 830 (Tex. App.—Dallas 1994, writ denied) (internal quotations and citations omitted).

*Muckelroy* was decided before the Texas Education Code was amended in 1995, establishing the current appeals structure which Plaintiff outlined in her Motion and which the Court discussed *supra*. TEX. LAB. CODE. ANN. § 21.251, *et seq*. That structure allows trial courts to review the Commissioner's decision to determine if the facts she relied upon are supported by substantial evidence and if her legal conclusions are erroneous. *Miller v. HISD*, 51. S.W.3d 676, 681 (Tex. App.—Houston [1st. Dist.] 2001, pet. denied). Moreover, the plaintiff in *Muckelroy* argued that the independent hearing examiner's findings, not the commissioners, should bind the trial court. The Texas Court

of Appeals agreed, noting that the parties had had an "adequate opportunity to fully and fairly litigate the issues of the validity of Muckelroy's resignation." 884 S.W.2d at 830. Plaintiff does not demonstrate that Commissioner Scott similarly heard factual evidence before he issued his decision that Plaintiff was still an employee in good standing.

### III. CONCLUSION

Plaintiff's Motion for Partial Summary Judgment is hereby **DENIED**.

**IT IS SO ORDERED**.

**SIGNED** at Houston, Texas, on this the ___11th___ day of May, 2009.

KEITH P. ELLISON
UNITED STATES DISTRICT JUDGE

TO ENSURE PROPER NOTICE, EACH PARTY WHO RECEIVES
THIS ORDER SHALL FORWARD A COPY OF IT TO EVERY
OTHER PARTY AND AFFECTED NON-PARTY EVEN THOUGH
THEY MAY HAVE BEEN SENT ONE BY THE COURT.